1  **J. BENNETT FRIEDMAN, ESQ., SBN 147056**
   *jfriedman@flg-law.com*
2  **MICHAEL SOBKOWIAK, ESQ., SBN 242718**
   *msobkowiak@flg-law.com*
3
4  **FRIEDMAN LAW GROUP, P.C.**
   1901 Avenue of the Stars, Suite 1000
   Los Angeles, California 90067
5  Telephone: (310) 552-8210

6  Attorneys for Plaintiff
7  Galerie Michael, a California corporation

8  **UNITED STATES DISTRICT COURT**
9  **CENTRAL DISTRICT OF CALIFORNIA**
10 **WESTERN DIVISION**

| | |
|---|---|
| GALERIE MICHAEL, a California corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | (1) Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836; |
| ELISABETTA SETZU, an individual, | (2) Misappropriation of Trade Secrets Under Cal. Civ. Code § 3426.1 *et seq.*; |
| Defendant. | (3) Unfair Competition Under Cal. Bus. & Prof. Code § 17200 and Common Law; |
| | (4) Common Law Misappropriation and Unfair Competition; |
| | (5) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; |
| | (6) Violation of California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; |
| | (7) Intentional Interference with Prospective Economic Advantage. |
| | DEMAND FOR JURY TRIAL |

1
Galerie Michael's Complaint and Demand for Jury Trial

Galerie Michael, by its undersigned counsel, hereby complains and alleges the following against Defendant Elisabetta Setzu ("Defendant") as follows:

## I. NATURE OF THE CASE

1. This action is based upon: (1) Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) Misappropriation of Trade Secrets Under Cal. Civ. Code § 3426.1 *et seq.*; (3) Unfair Competition Under Cal. Bus. & Prof. Code § 17200 and Common Law; (4) Common Law Misappropriation and Unfair Competition; (5) Violation of the Computer Fraud and Abuse Act, 18 U.S.C § 1030; (6) Violation of California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; and (7) Intentional Interference with Economic Advantage.

2. Galerie Michael is an upscale art gallery located in Beverly Hills that specializes in paintings, drawings and prints by European masters. Galerie Michael has been in continuous operation for more than 40 years and invested significant resources in developing long term clients and working with high-net worth individuals over extended periods to carefully curate selections of museum quality works.

3. Defendant Elisabetta Setzu was employed by Galerie Michael for approximately two years, reaching the position of Prints and Drawing Specialist. Ms. Setzu's duties in this position, among other things, included researching and writing a large collection of essays specific to a world class collection of Rembrandt etchings acquired over years by one of Galerie Michael's most important clients (the "Rembrandt Catalog"). Ms. Setzu spent hundreds of hours of company time researching and contributing to authorship of the Rembrandt Catalog.

4. Operating a retail art gallery during a pandemic is a difficult proposition. In September 2020, Galerie Michael eliminated Ms. Setzu's position.

5. Defendant's unlawful conduct is well documented. Ms. Setzu stole the sole working files for the Rembrandt Catalog and misappropriated Galerie Michael's trade secrets, including its confidential client contact lists.

6. Following her departure from Galerie Michael, Ms. Setzu has claimed ownership of the Rembrandt Catalog and used Galerie Michael's confidential information to contact Galerie Michael clients in an effort to license the Rembrandt Catalog in exchange for payment of $150,000.

7. Galerie Michael seeks injunctive relief, damages and other appropriate relief to stop Ms. Setzu's efforts to monetize the stolen Rembrandt Catalog, and to stop her continued use and disclosure of Galerie Michael's confidential and trade secret documents and information. Absent Court intervention, Defendant will continue her unlawful conduct, resulting in irreparable harm to Galerie Michael.

## II. THE PARTIES

8. Galerie Michael is a California corporation. Galerie Michael's principal place of business is a retail art gallery located on Rodeo Drive in Beverly Hills, California. The company has been in business since 1979.

9. Defendant Elisabetta Setzu was a Galerie Michael employee from May 2018 through September 2020. Upon information and belief, she resides in Los Angeles County, California.

## III. JURISDICTION

10. This Court has jurisdiction over this matter pursuant 28 U.S.C. § 1331 because this matter involves causes of action arising under federal law: the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et seq. See* 18 U.S.C. § 1836(c) ("The district courts of the United States shall have original jurisdiction of civil actions brought under this section."); and The Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C § 1030.

11. This Court has supplemental jurisdiction over all state claims brought in this action pursuant to 28 U.S.C. § 1367 because they are so related to the DTSA and CFAA claims for which this Court has original jurisdiction that they form part of the same controversy. Notably, Defendant made unauthorized use of Galerie Michael's computers and misappropriated Galerie Michael's confidential and trade secret

customer information to perpetrate the unlawful conduct complained of herein. Defendant has unlawfully used Galerie Michael's stolen trade secrets and confidential information in interstate commerce, causing damage to Galerie Michael, including costs incurred in recovering the Rembrandt Catalog, and efforts to resolve spurious copyright ownership claims made by Elisabetta Setzu, that exceed $5,000.

12. This Court has personal jurisdiction over Defendant. Upon information and belief, Ms. Setzu resides in California. She is "at home" in California and in this District. Defendant intentionally and purposefully conducted her unlawful activities in California, and Galerie Michael's claims arise out of and relate to those activities. Defendant misappropriated Galerie Michael's trade secrets in California, and her unlawful acts were directly aimed at Galerie Michael, a California-based corporation.

### IV.   VENUE

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events giving rise to the claims occurred in the Central District of California, and a substantial part of the property that is subject of the claims is situated in this District. Specifically, the misappropriated confidential and trade secret information and documents are owned by Galerie Michael, which is located in Los Angeles County. The trade secrets were misappropriated by Defendant in this District. Venue is also proper in this District because the Court has personal jurisdiction because Defendant resides in this District.

### V.   FACTS COMMON TO ALL CLAIMS

14. Galerie Michael was founded by Michael Schwartz, an art expert and historian. Mr. Schwartz was the owner and President of Galerie Michael and directed the gallery's daily operations until his death in October 2020.

15. Galerie Michael operates a highly regarded fine art gallery that specializes in the sale of artwork that is historically important and will remain relevant in the future. Many galleries sell artwork on consignment. Galerie Michael is unique from other galleries because it owns the artwork that it sells. Galerie

Michael acquires the highest quality pieces from around the world and creates a unique buying opportunity for its clients by offering only the most sought after and finest example of works that exist for sale at any given time.  The model provides exceptional value to customers because Galerie Michael must be very selective in the artwork that it purchases and the selling price does not include markups inherent to the sale of pieces sold under a consignment model.

16. Galerie Michael's collection includes more than 8,000 pieces, including works by Picasso, Dali, Rembrandt, Renoir, Matise, Chagall, and leading artists from the Barbizon school art movement.

17. Galerie Michael has a worldwide client base.  People purchase from Galerie Michael because of the company's expertise and access to a wide selection of top quality pieces.  It's relationship with clients spans decades.  Galerie Michael works closely with high-net worth individuals to build museum quality art collections one work at a time.

18. The client list and contact information for Galerie Michael's clients is a trade secret.  This information gives Galerie Michael a competitive advantage because the number of individuals that are both financially capable and interested in purchasing old master artwork at any given time is finite.  As a result, Galerie Michael derives substantial economic value from preserving its customer data as a trade secret.  Although individual customers can be solicited by a competitor, no competitor can strategically target a known set of Galerie Michael customers. Galerie Michael maintains the confidentiality of the information not only to maintain an advantage over competitors, but also because its clients expect that Galerie Michael do so.

19. Galerie Michael takes a number of steps to maintain the confidentiality of its customer data.  It does not provide the customer information to competitors or the general public.  Galerie Michael protects the data from public access by using password protected computers and requiring employees to maintain the

confidentiality of customer data.

20. Galerie Michael has implemented a company Employee Handbook (the "Handbook") that is provided to every employee upon their hiring at the company. Defendant Setzu received the Handbook when she was hired by Galerie Michael. The Handbook specifically advises all employees at Section 5.9 that they are to keep all confidential communication, including information such as products, new product development and customers, confidential and private. The employee is also instructed not to copy or remove such confidential information whether physically or electronically, from the Galerie Michael business location. Pursuant to Section 5.19, every employee of Galerie Michael is required to return all confidential information upon their leaving the company.

21. Galerie Michael maintains a strict uniform rule concerning its confidential information and informs its employees that they are prohibited from communicating or distributing Galerie Michael's confidential information outside the company, and are prohibited from using the data for their personal benefit.

22. During Elisabetta Setzu's employment with Galerie Michael, she was tasked with researching and contributing to the authorship of the Rembrandt Catalog. The project was undertaken by Galerie Michael for the specific purpose of providing scholarly material to enhance a world-class collection of Rembrandt etchings that Galerie Michael had assembled over the period of many years for an important client.

23. The Rembrandt Catalog was created during Defendant's employment with Galerie Michael in the context of her specific job duties and is therefore a "work made for hire" within the meaning of section 101 of the Copyright Act (title 17 of the *U.S. Code*). Galerie Michael is the author for copyright purposes and Defendant has no rights to the work.

24. Defendant was not part of the Galerie Michael sales team and, outside of an occasional gallery visit by a client, she did not communicate with Galerie

Michael clients.  Defendant had no legitimate business purpose to have contact information for Galerie Michael clients (physical or email address and telephone numbers, etc.), nor to access such information on Galerie Michael's computers.

25. On September 25, 2020, Defendant's employment with Galerie Michael was terminated.

26. In the minutes following notice of her termination, Defendant unlawfully accessed Galerie Michael's computer system and stole Galerie Michael's confidential information including product, pending work product, and client contact information.  Defendant then proceeded to delete all working files for the Rembrandt Catalog on the company computer system.

27. On October 1, 2020, Michael Schwartz unexpectedly passed away.

28. The very next day, on October 2, 2020, Defendant audaciously took advantage of the immediate shock of the death of Mr. Schwartz by using the company's confidential information to send a "Cease and Desist Notice" (the "Notices") by email messages to members of Galerie Michael along with several of Galerie Michael's best clients.  In the Notices, Defendant ceremoniously claimed copyright ownership of the Rembrandt Catalog and demanded compensation prior to any use of the Rembrandt Catalog.  Defendant valued the Rembrandt Catalog at $150,000 and threatened litigation against Galerie Michael and the recipients of the Notices if they used the work without paying her.

29. The sending of the Notices caused serious disruption to Galerie Michael's business.  Long time clients were very puzzled by receipt of the Notices and questioned their continued relationship with Galerie Michael given the threat of legal action on a matter they had absolutely no knowledge of.

30. Galerie Michael was forced to retain counsel and computer experts to first respond on its behalf and second, attempt to recover the misappropriated files for the Rembrandt Catalog.  On October 2, 2020, correspondence was sent to Defendant demanding return of the computer files comprising the Rembrandt

Catalog.

31. On October 8, 2020, Defendant sent an email to counsel for Galerie Michael, confirming receipt of the demand letter, acknowledging Galerie Michael's ownership of the Rembrandt Catalog and promising to return the computer files and certain books the following day.

32. On October 9, 2020, Defendant delivered to Galerie Michael's counsel a USB flash memory drive containing computer files for the Rembrandt Catalog, as well as research materials in her possession that were company property paid for by the company.

33. Galerie Michael is informed and believes that Defendant continues to maintain a digital copy of the Rembrandt Catalog and to wrongfully assert ownership of the work.

34. Galerie Michael has been irreparably harmed by Defendant's conduct and will sustain further irreparable harm unless the misappropriation is stopped. The loss of Galerie Michael's clients is difficult to quantify because Galerie Michael often does repeat business. The loss of a relationship with a long-term client would be nearly impossible to put a price on – but would easily exceed $5,000,000.

35. Defendant's misappropriation of the Rembrandt Catalog and the targeting of Galerie Michael clients to purchase the work is a direct threat to the company's revenues. Likewise, Defendant's threat of suit against Galerie Michael's clients undermines hard-earned client trust and poses a danger to revenues. If Galerie Michael's revenues decline, a downward spiral could occur forcing many people out of work and into an exceptionally difficult job market. The long-term effect of Defendant's malfeasance is certainly irreparable harm.

///
///
///
///

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Trade Secret Misappropriation Under the Defend Trade Secrets Act
(18 U.S.C. § 1836, *et seq.*)

36. Galerie Michael realleges and incorporates by reference each and every allegation set forth in paraphs 1 through 35 as if fully set forth herein.

37. Galerie Michael owns and possess certain confidential and trade secret documents and information, including client lists.

38. Galerie Michael's confidential and trade secret information relates to artwork sold, shipped and ordered in interstate or foreign commerce.

39. Galerie Michael has taken reasonable steps to protect the secrecy of its confidential and trade secret documents and information, including the secrecy of its client list and contact information that Defendant has misappropriated.

40. Defendant has misappropriated the client information in the improper and unlawful manner described herein.

41. Defendant has failed to return to Galerie Michael its confidential information and continues to disclose and use for her benefit, and to Galerie Michael's detriment, the confidential information.

42. Because Galerie Michael's remedy at law is inadequate, Galerie Michael seeks – in addition to damages – temporary, preliminary, and permanent injunctive relief to protect its confidential and trade secret documents and information as well as Galerie Michael's legitimate business interest. Critical to Galerie Michael's competitive advantage is the confidentiality of its customer information. Galerie Michael will continue to suffer irreparable harm absent injunctive relief.

43. Galerie Michael has a substantial likelihood of success on the merits because of Defendant's blatant, willful, and malicious misappropriation of trade secrets through the unlawful methods alleged herein.

44. Defendant's misappropriation of Galerie Michael's confidential information and trade secrets has caused and will continue to cause Galerie Michael substantial injury, including, but not limited to actual damages, lost profits, harm to its reputation, and the diminution in value of its trade secrets. Defendant has been unjustly enriched by her misappropriation of Galerie Michael's confidential information and trade secrets.

45. Defendant's misappropriation of Galerie Michael's confidential information was intentional, knowing, willful, malicious, fraudulent, and oppressive. Galerie Michael is entitled to an award of exemplary damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
Trade Secret Misappropriation Under California's Uniform Trade Secret Act
(Cal. Civ. Code § 3426 *et seq.*)

46. Galerie Michael realleges and incorporates by reference each and every allegation set forth in paraphs 1 through 45 as if fully set forth herein.

47. Galerie Michael owns certain confidential and trade secret documents and information, including client contact information. These are trade secrets within the meaning of California Civil Code Sections 3426 through 3426.11.

48. Galerie Michael has taken reasonable steps to protect the secrecy of its confidential and trade secret documents and information, including the secrecy of the Galerie Michael confidential client information that Defendant has misappropriated by, among other things, limiting access to confidential and trade secret documents and limiting access to its computers and requiring passwords.

49. Defendant has misappropriated the Galerie Michael confidential information in the improper and unlawful manner as alleged herein.

50. Defendant has failed to return to Galerie Michael its confidential information and continues to use the misappropriated confidential client information. On information and belief, if Defendant is not enjoined, she will continue to disclose and use the Galerie Michael confidential information for her ill-gotten benefit and to

Galerie Michael's detriment.

51. Because Galerie Michael's remedy at law is inadequate, Galerie Michael seeks – in addition to damages – temporary, preliminary, and permanent injunctive relief to protect its confidential and trade secret documents and information as well as Galerie Michael's legitimate business interest. Critical to Galerie Michael's competitive advantage is the confidentiality of its products, new product developments, and customer list. Galerie Michael will continue to suffer irreparable harm absent injunctive relief.

52. Galerie Michael has a substantial likelihood of success on the merits because of Defendant's blatant, willful, and malicious misappropriation of trade secrets through the unlawful methods alleged herein.

53. Defendant's misappropriation of Galerie Michael's confidential information and trade secrets has caused and will continue to cause Galerie Michael substantial injury including, but not limited to, actual damages, lost profits, harm to its reputation, and the diminution in value of its trade secrets. Defendant has been unjustly enriched by her misappropriation of Galerie Michael's confidential information and trade secrets.

54. Defendant's misappropriation of Galerie Michael's confidential information was intentional, knowing, willful, malicious, fraudulent, and oppressive, all within the meaning of California Civil Code, Section 3294. Defendant misappropriated Galerie Michael's confidential and trade secret information intentionally and knowingly and with a deliberate intent to benefit herself and to injure Galerie Michael. Galerie Michael is entitled to its damages, in an amount to be determined at trial, as well as injunctive relief, and an award of punitive damages and/or treble damages and attorney's fees pursuant to California Civil Code, Sections 3426.3(c) and 3426.4.

/ / /

/ / /

## THIRD CLAIM FOR RELIEF
Unfair Competition Cal. Bus. & Prof. Code §§ 17200, *et seq.*

55. Galerie Michael realleges and incorporates by reference each and every allegation set forth in paraphs 1 through 54 as if fully set forth herein.

56. By misappropriating the Rembrandt Catalog and obtaining Galerie Michael's confidential and proprietary client contact information without its authorization or consent and disclosing and using the material and information outside of Galerie Michael, Defendant has competed unfairly. Through her actions, Defendant has compromised the confidentiality of Galerie Michael's trade secrets, undermined Galerie Michael's competitive advantage in the marketplace, and has caused Galerie Michael to incur costs and damages, including damages arising from efforts to recover the Rembrandt Catalog. Defendant has compromised Galerie Michael's opportunity to benefit from its ingenuity in authoring the Rembrandt Catalog and its efforts embodied in the customer information stolen by Defendant.

57. These acts and practices, as described herein, constitute unfair competition in violation of California Business and Professions Code, Sections 17200 *et seq.* as follows:

(a) Defendant's violations of Civil Code Sections 3426 *et seq.*, as alleged herein, constitutes unlawful business acts or practices, within the meaning of Business and Professions Code Sections 17200 *et seq.;* and

(b) Defendant's theft of the Rembrandt Catalog and efforts to monetize the work by leveraging Galerie Michael's client information, is part of a concerted effort by Defendant to significantly harm Galerie Michael's competitive advantage. Defendant's conduct constitutes unfair business acts or practices within the meaning of Business and Professions Code, Sections 17200 *et seq.*

58. As a direct and proximate result of Defendant's unfair competition in violation of Business and Professions Code, Sections 17200 *et seq.*, Galerie Michael is informed and believes, and thereon alleges, that Defendant have been unjustly

enriched in an amount not yet ascertained.

59. As a direct and proximate result of Defendant's unfair competition in violation of Business and Professions Code, Sections 17200 *et seq.*, Galerie Michael has suffered and will continue to suffer great and irreparable harm. Defendant is likely to commit further violations of Business and Professions Code, Sections 17200 *et seq.* and, unless restrained and enjoined, will do so, all to Galerie Michael's irreparable damage. Galerie Michael's remedy at law is not by itself adequate to compensate Galerie Michael for the harm Defendant have inflicted and threatened. Accordingly, Galerie Michael seeks preliminary and permanent injunctive relief pursuant to, *inter alia,* Business and Professions Code, Section 17203.

## **FOURTH CLAIM FOR RELIEF**
Common Law Misappropriation and Unfair Competition

60. Galerie Michael realleges and incorporates by reference each and every allegation set forth in paraphs 1 through 59 as if fully set forth herein.

61. Galerie Michael has expended considerable time and money developing the Rembrandt Catalog and the confidential and proprietary material that Defendant obtained – including customer contact information.

62. Defendant has taken the Rembrandt Catalog and Galerie Michael's confidential and proprietary material without authorization and has disclosed and/or used Galerie Michael's confidential and proprietary material and information without authorization or permission from Galerie Michael.

63. As a consequence of Defendant's theft of the Rembrandt Catalog and unauthorized disclosure and use of Galerie Michael's confidential and proprietary material, Galerie Michael has been harmed. Galerie Michael is informed and believes, and on that basis alleges, that Defendant's conduct constitutes common law misappropriation and unfair competition and was carried out willfully, fraudulently, maliciously and with the wanton disregard of Galerie Michael's rights, thereby entitling Galerie Michael to compensatory and punitive damages to be proven at trial.

### FIFTH CLAIM FOR RELIEF
Violation of the Computer Fraud and Abuse Act
(18 U.S.C. § 1030, *et seq.*)

64. Galerie Michael realleges and incorporates by reference each and every allegation set forth in paraphs 1 through 63 as if fully set forth herein.

65. Defendant violated 18 U.S.C. § 1030, *et seq.*, when she accessed Galerie Michael's computers to access confidential trade secret information to use after her employment with Galerie Michael, and to delete files, to the detriment of the company.

66. Defendant accessed Galerie Michael's computers during the course of her employment beyond the scope of authorization and/or after her employment was terminated without authorization, and intended to, and did, misappropriate and steal the Rembrandt Catalog and Galerie Michael's confidential trade secret information, and to delete files, to unjustly enrich herself and to harm Galerie Michael.

67. As a result of Defendant's unauthorized use and misappropriation of confidential trade secret information and the Rembrandt Catalog, Defendant obtained "anything of value" within the meaning of 18 U.S.C. § 1030(a)(4), and the amount obtained exceeds the $5,000 threshold of the statute.

68. Galerie Michael has suffered economic damage as a result of the violation of the CFAA by Elisabetta Setzu.

69. The CFAA authorizes civil suit to recover damages, and obtain equitable relief, for the conduct alleged herein. *See* 18 U.S.C. § 1030(g).

### SIXTH CLAIM FOR RELIEF
Violation of California Comprehensive Computer Data Access and Fraud Act
(Cal. Penal Code § 502)

70. Galerie Michael realleges and incorporates by reference each and every allegation set forth in paraphs 1 through 69 as if fully set forth herein.

71. Defendant knowingly and without permission accessed or caused to be

accessed Galerie Michael's computers, computer systems, and/or computer network in violation of California Penal Code § 502 (c)(7).

72. Galerie Michael suffered and continues to suffer damage as a result of the Defendant's violations of California Penal Code § 502

73. Defendant's conduct also caused irreparable and incalculable harm and injuries to Galerie Michael (including, but not limited to, Galerie Michael's reputation and goodwill), and, unless enjoined, will cause further irreparable and incalculable injury, for which Galerie Michael has no adequate remedy at law.

74. Defendant willfully violated California Penal Code § 502 in disregard and derogation of Galerie Michael's rights and Defendant's actions as alleged above were carried out with oppression, fraud and malice.

75. Pursuant to California Penal Code § 502(e), Galerie Michael is entitled to injunctive relief, compensatory damages, punitive or exemplary damages, attorney's fees, costs and other equitable relief.

## SEVENTH CLAIM FOR RELIEF
Intentional Interference with Prospective Economic Advantage

76. Galerie Michael realleges and incorporates by reference each and every allegation set forth in paraphs 1 through 75 as if fully set forth herein.

77. Defendant stole the Rembrandt Catalog from Galerie Michael, which is a significant body of work undertaken by the company in connection with providing services to benefit a Galerie Michael client, and misappropriated confidential customer data to monetize the ill-gotten property without Galerie Michael's approval or authorization.

78. On information and belief, Defendant knew at the time of the acts alleged herein, that the Rembrandt Catalog project and Galerie Michael's confidential customer data had economic value and provided it a competitive advantage over competitors. Defendant also knew that her sending of the Notices to Galerie Michael clients, including soliciting the sale of the Rembrandt Catalog and

threating to initiate litigation against Galerie Michael clients, would cause financial injury to Galerie Michael.

79. Defendant's acts as herein alleged were tortious, as they constituted unfair trade practices in violation of California Business and Professions Code section 17200, DTSA, CUTSA, and other state and federal statutes.

80. Defendant's alleged acts were intended to interfere with Galerie Michael's prospective economic relations with long time customers and to dissuade such customers from continuing to do business with Galerie Michael.

81. As a direct and proximate result of Defendant's acts, Galerie Michael has suffered damages.

82. The aforementioned acts of Defendant were willful and malicious, and Galerie Michael is entitled to punitive damages.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff Galerie Michael prays for judgment in its favor and against Defendant as follows:

A. Awarding damages as described in each of the above claims, in favor of Galerie Michael and against Elisabetta Setzu in amounts to be determined at trial.

B. Granting a temporary and permanent injunction against Elisabetta Setzu, enjoining her from using Galerie Michael's confidential and trade secret documents and information, and from the use of, or efforts to monetize, the misappropriated Rembrandt Catalog; directing Elisabetta Setzu to return all of Galerie Michael's property and to remove Galerie Michael's trade secrets from any location they may be maintained by Elisabetta Setzu; and prohibiting Elisabetta Setzu from benefiting from the misappropriation by contacting Galerie Michael's clients;

C. Awarding punitive damages in favor of Galerie Michael and against Elisabetta Setzu in an amount to be determined at trial; and

D. Granting Galerie Michael such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Galerie Michael demands a jury trial for all issues so triable.

Respectfully submitted,

Dated: November 6, 2020          FRIEDMAN LAW GROUP, P.C.

By: _____
J. BENNETT FRIEDMAN, ESQ.
MICHAEL SOBKOWIAK, ESQ.
Attorneys for Plaintiff
Galerie Michael